# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| ELSOR MATTHEWS, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) No. 2:17-cv-150-WTL-MJD |
| | ) |
| RICHARD BROWN, | ) |
| Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Elsor Matthews for a writ of habeas corpus will be denied. In addition, the Court finds that a certificate of appealability should not issue.

## I. The Petition for Writ of Habeas Corpus

Matthews was convicted in Grant County in 2004 based on his guilty plea to intimidation, invasion of privacy, battery, and resisting law enforcement. In seeking federal habeas corpus relief, he presents three claims: (1) trial counsel was ineffective for failing establish a factual basis during his guilty plea; (2) the trial court improperly accepted his guilty plea; and (3) trial counsel failed to properly investigate Matthews's case to properly advise him to plead guilty.

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). Accordingly, "when examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990).

### A. Statute of Limitations

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). One such provision provides:

> a state prisoner has one year to file a federal petition for habeas corpus relief, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

*Wood v. Milyard,* 132 S. Ct. 1826, 1831 (2012) (quoting 28 U.S.C. § 2244(d)(1)(A)); *see also Gladney v. Pollard,* 799 F.3d 889, 894 (7th Cir. 2015).

Under § 2244(d)(1) of the AEDPA, the statute of limitations for § 2254 petitions is one year. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). Pursuant to 28 U.S.C. § 2244(d)(2), the running of this one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court. *See Gray v. Briley*, 305 F.3d 777, 778-79 (7th Cir. 2002).

Subject to exceptions not applicable here, Matthews had one (1) year from the date his conviction became final to file a timely petition for writ of habeas corpus. Matthews was sentenced on January 9, 2004. He did not file an appeal. His conviction became final when the time for pursuing a direct appeal expired. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). That date was February 8, 2004. His next activity in the state courts was the filing of an action for post-conviction relief on October 19, 2012. This was an interval of eight years, eight months, and ten days. Applying the prison mailbox rule, Matthews's habeas petition was filed on February 2, 2017. This was one week short of 13 years after his conviction became final and one week short of 12 years after the statute of limitations had expired.

The limitations period is tolled during the pendency of a properly filed application for state post-conviction relief. *See* 28 U.S.C. § 2244(d)(2); *Ray v. Clements,* 700 F.3d 993, 1003 (7th Cir. 2012). This tolling, however, has no effect where, as in Matthews's case, the post-conviction relief action was filed long after the statute of limitations had expired. *See Gladney,* 799 F.3d at 893 (noting the petitioner's habeas petition was untimely when his first state post-conviction petition was filed after the one-year limitations period had expired); *Teas v. Endicott,* 494 F.3d 580 (7th Cir. 2007) (the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under 28 U.S.C. § 2244(d)); *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed). The filing of the Matthews's petition for post-conviction relief therefore has no effect on the computation of the statute of limitations and does not rescue Matthews's habeas petition from being woefully untimely.

In addition to statutory tolling, the running of the statute of limitations is subject to equitable tolling, which is permitted if extraordinary circumstances beyond the petitioner's control prevented the timely filing of his habeas petition. *See Holland v. Florida,* 130 S. Ct. 2549, 2560 (2010); *see also McQuiggin v. Perkins,* 133 S. Ct. 1924, 1931 (2013). A petitioner seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland,* 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *see also Obriecht v. Foster,* 727 F.3d 744, 748 (7th Cir. 2013). There were no extraordinary circumstances which prevented Matthews from filing a timely federal petition for writ of habeas corpus. *See Gray v. Zatecky*, No. 15-2482, 2017 WL 3274347, at *3 (7th Cir. Aug. 2, 2017).

The ADEPA's statute of limitations does not apply to habeas petitions that make "a credible showing of actual innocence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). To make such a showing, a petitioner must present "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The petitioner must show that, if the new evidence had been presented at trial, "it is more likely than not that no reasonable juror would have convicted the petitioner." *McQuiggin,* 133 S. Ct. at 1933 (citing *Schlup,* 513 U.S. at 325) (internal formatting omitted).

Matthews invokes the above doctrine, explaining that he is actually innocent of intimidation because his threat was to prevent the victim from calling the police and not to intimidate her for having previously calling the police. This is far too feeble to accomplish the purpose. It is simply another ways of referring to what was presented at the guilty plea hearing.

Such evidence is the obverse of "new evidence." Substantively, moreover, the Indiana Court of Appeals noted:

> [T]his Court has held that the offense of intimidation encompasses a threat made with the intent that someone remain silent and refrain from acting, which includes refraining from alerting the police by remaining silent. . . . We agree with the postconviction court that the factual basis provided by Matthews's testimony at the guilty plea hearing is adequate to support his guilty plea to class D felony intimidation, and even assuming inadequacy, Matthews has not shown that he suffered prejudice.

*Matthews v. State*, 2015 WL 5703540, at *3-4 (Ind.Ct.App. 2015), *transfer denied,* 43 N.E.3d 244 (Ind. 2016). Matthews does not present a credible claim of actual innocence justifying an exception to the statute of limitations.

Matthews's petition for writ of habeas corpus filed on February 2, 2017 is barred by the applicable statute of limitations.

### B. Procedural Default

"[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005). Under Indiana procedural rules, all grounds for post-conviction relief which were available at the time of trial, direct appeal, or prior petition but were not raised in those proceedings are deemed waived. *See Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.) (issues were not presented on direct appeal and relief would be barred by procedural default), *cert. denied,* 113 S. Ct. 127 (1992); *Kirk v. State,* 632 N.E.2d 776 (Ind.Ct.App. 1994) ("In seeking post-conviction relief, a petitioner must assert all available grounds for relief in his original post-conviction petition. P.C.R. 1(8)").

"Procedural default is a defense to federal habeas corpus review." *Oaks v. Pfister*, 863 F.3d 723, 726 (7th Cir. 2017) (citing *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)). A petitioner's claim can be procedurally defaulted if he fails to assert that claim throughout at least one complete round of state-court review. *Id.* (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). That is the nature of Matthews's procedural default as to his first and third habeas claims. Specifically, he did not file a direct appeal and did not include either his first or third habeas claims in his petition to transfer as to the decision affirming the denial of his petition for post-conviction relief. *See Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default). As to these two claims, his procedural default just described deprived the Indiana Supreme Court of the """opportunity to pass upon and correct" alleged violations of [Matthews's] federal rights.'" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

The claim presented in Matthews's petition to transfer following the denial of his motion for post-conviction relief was that the trial court should have not accepted his guilty plea due to an inadequate factual basis. This claim, however, is not cognizable under 28 U.S.C. § 2254(a). "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)). The claim is non-cognizable because there is no federal constitutional requirement that a court establish an adequate factual basis for a guilty plea. The requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes. *Higgason v. Clark,* 984 F.2d 203, 208 (7th Cir.), *cert.*

*denied,* 508 U.S. 977 (1993). It is therefore of no consequence for the present purpose that the second habeas claim was fairly presented in the petition to transfer.

Matthews's habeas claims are barred by the doctrine of procedural default.

### C. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Matthews has encountered the hurdle produced by the 1-year statute of limitations, but "[s]tatutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page*, 208 F.3d 572, 573 (7th Cir. 2000). He has not shown the existence of circumstances permitting him to overcome this hurdle and hence is not entitled to the relief he seeks. He has also encountered the hurdle produced by the doctrine of procedural default, pursuant to which "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation[.]" *Coleman v. Thompson,* 501 U.S. 722, 731 (1991), and has failed to overcome that burden. His petition for a writ of habeas corpus is therefore **denied** without a decision being made as to the merits of his claims.

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Matthews has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 9/5/17

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ELSOR MATTHEWS
893643
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov